**NATIONAL BROADCASTING CO., Inc., v. BOARD OF PUBLIC UTILITY COM'RS OF NEW JERSEY et al.**

District Court, D. New Jersey.

Dec. 23, 1938.

Autenrieth & Wortendyke, of Newark, N. J. (Thomas G. Haight, of Jersey City, N. J., and Henry Ladner, of New York City, of counsel) for plaintiff.

John A. Bernhard, of Newark, N. J., for defendants Board of Public Utility

Com'rs of New Jersey, Harry Bacharach, Thomas L. Hanson and Frank Reardon.

Before DAVIS, Circuit Judge, AVIS and FORMAN, District Judges.

FORMAN, District Judge.

The plaintiff, National Broadcasting Company, Incorporated, a corporation organized and existing under the laws of the State of Delaware with its principal office at 30 Rockefeller Plaza in the City of New York, is engaged in radio broadcasting throughout the United States, and maintains several broadcasting transmitters at Bound Brook, New Jersey. On May 2, 1938 there was issued to the plaintiff by the Federal Communications Commission pursuant to the Federal Communications Act of 1934, 47 U.S.C.A. § 151 et seq., a construction permit authorizing it to erect an additional radio transmitter at Bound Brook, N. J. By the terms of the permit, construction was to begin by July 2, 1939. One of the purposes of the transmitter is to transmit broadcasting programs to the City of New York and vicinity in interstate commerce.

On May 16, 1938 the defendant Board of Public Utility Commissioners of the State of New Jersey by letter directed plaintiff to make application pursuant to the Radio Broadcasting Act, Title 48, Chapter 11 of the Revised Statutes of New Jersey, providing: "No radio broadcasting station or transmitter shall be constructed or operated in this state until a certificate of public convenience and necessity therefor shall have been granted by the board of public utility commissioners, * * *." § 1.

This act in general provides for the regulation of radio broadcasting by the Board of Public Utility Commissioners of the State of New Jersey. This board is authorized to " * * * impose and incorporate in the certificate, such reasonable restrictions and conditions as it may deem necessary or proper to avoid unreasonable blanketing or interference with radio transmission and reception." R.S.N.J.1937, 48:11-6.

The Attorney General is vested with power to institute actions to restrain the erection and construction of any broadcasting station or transmitter which does not comply with the terms of the act, and also to collect penalties of $100 per day for the violation of the act of any restrictions or conditions imposed by the board, in an action at law in the name of the state.

Plaintiff declined to comply with the request of the Board of Public Utility Commissioners on the grounds that it already had the approval and authorization of the Federal Communications Commission, that the defendant-board was without jurisdiction in the matter, and the statute of New Jersey had been superseded by the act of Congress supra and was invalid.

On September 14, 1938 the defendant-board pursuant to the state statute issued an order requiring the plaintiff to show cause before it on November 1, 1938 why the plaintiff should not cease and desist in the erection, construction or operation of the broadcasting transmitter in broadcasting service or otherwise.

This action is to restrain the Board of Public Utility Commissioners permanently from taking any action or proceedings under the statute and its order to cease and desist, and to restrain the Attorney General from bringing actions for restraint or for fines or penalties.

It is contended that the Radio Broadcasting Act of the State of New Jersey is unconstitutional in that it interferes with interstate commerce, and that Congress has pre-empted the field of radio regulation by the act known as the "Communications Act of 1934" and its amendments, 47 U.S.C.A. § 151 et seq., leaving nothing for the state to control within this field.

The plaintiffs not only ask that the state statute be declared unconstitutional as applied to it, but further pray that each and every part thereof be declared unconstitutional.

By stipulation the case was heard upon bill of complaint, affidavits and answer as if upon final hearing. Also, the defendant David T. Wilentz, Attorney General of the State of New Jersey, adopted and joined in the answer of the defendant Board of Public Utility Commissioners.

The only difference between the parties is whether or not the state act should be declared wholly unconstitutional in this suit. The plaintiff contends this type of regulation is exclusively within the power of Congress. The defendants urge that the state act is not unconstitutional in so far as it applies to such radio operation as might be considered strictly intrastate

commerce. This court is not called upon to decide this difference because the defendants do not question that this plaintiff is or will be engaged at the station in question in the radio field on a scale that constitutes interstate commerce. They admit that broadcasting constitutes interstate commerce as to transmission and reception when the radius extends beyond state lines, United States v. American Bond & Mortgage Co., D.C., 31 F.2d 448, affirmed 52 F.2d 318, certiorari denied 285 U.S. 538, 52 S.Ct. 311, 76 L.Ed. 931.

Hence, this plaintiff is subject to regulation only by the Federal Communications Act and not by the New Jersey Radio Broadcasting Act, and a permanent injunction will issue restraining the defendants from proceeding against the plaintiff under the latter state statute.